AO 245I (CASD) (Rev. 12/11) Judgment in a Criminal Petty Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
12 MAY -8 PM 5:04
CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF CALIFORNIA
                            DEPUTY

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| SHARLOTTE HYDORN (1) | Case Number: 11CR5457-BGS |
| | CHARLES GOLDBERG |
| | Defendant's Attorney |

**REGISTRATION NO.** 30811298

☐

**THE DEFENDANT:**
☒ pleaded guilty to count(s) ONE (1) OF THE INFORMATION (MISDEMEANOR)
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 26 USC 7203 | FAILURE TO FILE TAX RETURN | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.
☒ Assessment: $25.00

☒ See fine page     ☐ Forfeiture pursuant to order filed _____, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

MAY 7, 2012
Date of Imposition of Sentence

*[signature]*

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

11CR5457-BGS

AO 245I (CASD) (Rev. 12/11) Judgment in a Criminal Petty Case
Sheet 2 -- Probation

DEFENDANT: SHARLOTTE HYDORN (1)
CASE NUMBER: 11CR5457-BGS

Judgment—Page 2 of 4

## PROBATION

The defendant is hereby sentenced to probation for a term of :

FIVE (5) YEARS.

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245I (CASD) (Rev. 12/11) Judgment in a Criminal Petty Case
Sheet 3 — Special Conditions

DEFENDANT: SHARLOTTE HYDORN (1)
CASE NUMBER: 11CR5457-BGS

Judgment—Page  3  of  4

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☒ The defendant is prohibited from aiding, advising, or encouraging another to commit suicide, which includes any participation in the manufacturing, selling, distributing, or advising in the production of any device that is designed to be used by another to commit suicide.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☒ The defendant is prohibited of having the production, sale, or distribution of any device that is designed to be used by another to commit

☐ suicide at any location owned or controlled by herself.

☒ The defendant must file tax returns for the tax years 2007 to 2010 and pay any taxes due.

☐

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

11CR5457-BGS

AO 245S     Judgment in Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page 4 of 4

DEFENDANT: SHARLOTTE HYDORN
CASE NUMBER: 11CR5457-BGS

# FINE

The defendant shall pay a fine in the amount of _____$1000.00_____ unto the United States of America.

This sum shall be paid    ___ immediately.
                          _x_ as follows:

Fine to be paid within the probation period. A payment plan is to be agreed upon between the defendant and USPO.

The Court has determined that the defendant _does not_ have the ability to pay interest. It is ordered that:

_x_ The interest requirement is waived.

___ The interest is modified as follows:

11CR5457-BGS